UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-40114-RWZ

MICHAEL L. WEBB

v.

JEFFREY GRONDOLSKY,
*Superintendent, FMC Devens*

ORDER

March 14, 2013

ZOBEL, D.J.

    Petitioner Michael Webb is serving a 30-year sentence for violating 18 U.S.C. §§ 2 and 924(c)(1).  He has a statutory release date of July 8, 2021.  In 2004 he was diagnosed with kidney disease which has since resulted in kidney failure, and he has been receiving dialysis treatments for more than 4 years.   With his assertion that he is terminally ill and has a less than one year life expectancy, petitioner invoked 18 U.S.C. § 3582(c)(1)(A) and, given these "extraordinary and compelling reasons," requested that the Bureau Prisons ("BOP") move the sentencing court to reduce his sentence.  His request was denied initially and at each of three levels of review on the grounds that petitioner's medical condition, while chronic, was stable and not terminal, that he is receiving the appropriate level of care and that his significant criminal history may lead to future criminal behavior.

    In support of the petition for a writ of habeas corpus, petitioner asserts that the

BOP abused its discretion and violated his rights under the 5th, 8th, and 14th Amendments to the Constitution as well as the Americans with Disabilities Act of 1990. He seeks an order that it reconsider its denial of the relief he requested. The defendant has moved to dismiss the petition for lack of jurisdiction and because the record does not, in any event, show an abuse of discretion (Docket # 17). The motion is allowed.

First, although the First Circuit has not ruled on this issue, other circuits have uniformly held that the BOP's decision to deny compassionate release is not subject to judicial review. See Fernandez v. United States, 941 F.2d 1488, 1492-93 (11th Cir. 1991); Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1989); Turner v. U.S. Parole Comm'n, 810 F.2d 612, 618 (7th Cir. 1987); Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011). See also Todd v. Federal Bureau of Prisons, 31 F. App'x 833, at *2 (5th Cir. 2002).

Second, the decision in this case is supported by petitioner's treating physician, Dr. Robert McKittrick, who reported that petitioner's medical condition is not terminal, that "he is tolerating dialysis and is able to perform all activities [of] daily living without assistance and should be able to do so for the foreseeable future." Ex E to Defendant's Memorandum in Support of Defendant's Motion to Dismiss (Docket # 18-3).

Judgment may be entered dismissing the petition.

    March 14, 2013                       /s/Rya W. Zobel    
        DATE                                    RYA W. ZOBEL
                                                  UNITED STATES DISTRICT JUDGE